90 F.3d 591
 319 U.S.App.D.C. 368
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
CITY OF LOS ANGELES and Lehigh-Northampton Airport
Authority, Petitioner,
v.
UNITED STATES DEPARTMENT OF TRANSPORTATION, et al., Respondents,
Air Transport Association of America, Intervenor for Respondent.
 Nos. 95-1188, 95-1190.
 United States Court of Appeals, District of Columbia Circuit.
 July 1, 1996.
Rehearing Denied March 19, 1997.*
On Petitions for Review of an Order of the United States Department of Transportation.
 
 Before: EDWARDS, Chief Judge; GINSBURG and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 
 1
 Having considered the record from the Department of Transportation and the briefs and arguments of counsel, the court is satisfied that appropriate disposition of this case does not require a published opinion. See D.C.CIR.R. 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review is denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.CIR.R. 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The petitioners raise a number of challenges to the "Policy Regarding Airport Rates and Charges" (Policy) and the "Rules of Practice for Proceedings Concerning Airport Fees" (Rules of Practice) issued by the Department of Transportation pursuant to 49 U.S.C. § 47129. It would be improper to address these arguments at this time, however, as the petitioners' various claims are either moot or unripe.
 
 
 5
 The petitioners argue that the Rules of Practice improperly permit foreign carriers to challenge the reasonableness of airport landing fees. In the proceedings establishing these rules, the Department took the position that 49 U.S.C. § 47129 only applied to U.S. carriers and instead justified its inclusion of foreign carriers in the Rules of Practice on other grounds. 59 Fed.Reg. 53,383 (1994); 60 Fed.Reg. 6919 (1995). The Department has since changed its position and now maintains that § 47129 does not exclude foreign carriers from its remedial provisions. J.A. 370-73; Brief for Respondents at 38 & n. 23. Thus, any decision this court could reach regarding the Department's authority for its actions outside of § 47129 would not resolve the now-central question whether foreign carriers may be included the Rules of Practice under § 47129 itself and would be merely advisory. The absence of such concrete legal effects flowing from any resolution of this issue renders it moot.
 
 
 6
 The petitioners also contend that the Policy violates the Takings Clause because it fails to provide for any rate of return on aeronautical facilities.[1] This court may well lack the statutory jurisdiction to consider this argument, since the petitioners have failed to point to anything in the record demonstrating that they raised it during the proceedings below. In any event, the takings claims are unripe. This court has recognized that Takings Clause challenges to ratemaking policies cannot be made in the abstract, since " '[i]nconsistencies in one aspect of the methodology,' seemingly of constitutional significance when viewed in isolation, 'have no constitutional effect if they are compensated by countervailing factors in some other aspect.' " Illinois Bell Tel. Co. v. FCC, 911 F.2d 776, 780 (D.C.Cir.1990) (quoting Duquesne Light Co. v. Barasch, 488 U.S. 299, 314 (1989)) (alteration in Illinois Bell ). Until the Policy is applied to a specific airport and creates a record disclosing the net effects of the Policy's various components, any review by this court would be premature.
 
 
 7
 The only other argument offered by petitioners is that the Department violated the Administrative Procedure Act by failing to offer an adequate explanation for the basis of the Policy. 5 U.S.C. § 706(2)(A). These arguments have been mooted by the Department's recent revisions to the Policy and the additional explanations that accompanied these revisions. 61 Fed.Reg. 31,994 (1996). In proposing these revisions, the Department explicitly reopened the entire issue of historic cost valuation and the revenue cap. 60 Fed.Reg. 47,012-14 (1995). Therefore the petitioners will be free to renew their challenges upon review of the revised Policy. See, e.g., Edison Elec. Inst. v. EPA, 996 F.2d 326, 331-32 (D.C.Cir.1993); Ohio v. EPA, 838 F.2d 1325, 1328 (D.C.Cir.1988).
 
 
 
 *
 Chief Judge Edwards did not participate in this order
 
 
 [1]
 Petitioners also attempt to repackage their Takings Clause argument in non-constitutional terms by further arguing that Congress could not have intended to permit the Department to require unconstitutionally confiscatory fees when it directed the Department to issue guidelines regarding "reasonable" airport fees in § 47129. Brief of Petitioners at 29 & n. 11. Reframing the issue as a matter of statutory construction in this manner adds nothing to the petitioners' case, however, since its success still hinges on the success of their takings claims